1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

9

10

11

12

13

14

15

LESLIE R. ENGELHART,

     Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

     Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. CV-07-3028-CI

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR
ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE
FOUR 42 U.S.C. § 405(g)

16

17

18

19

20

21

22

23

24

    BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 13, 19.) Attorney D. James Tree represents Plaintiff; Special Assistant United States Attorney Nancy Mishalanie represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 8.) After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment and remands the matter to the Commissioner for additional proceedings pursuant to sentence four of 42 U.S.C. 405(g).

25

26

27

    Plaintiff filed applications for disability insurance benefits (DIB) and Supplemental Security Income (SSI) on October 15, 2004, alleging disability as of October 13, 2004, due to back pain,

28

1   herniated disc, arthritis and scoliosis.  (Tr. 69, 105.)  Following

2   a denial of benefits at the initial stage and on reconsideration, a

3   hearing was held before Administrative Law Judge (ALJ) Mary Bennett

4   Reed on September 12, 2006.  On December 4, 2006, ALJ Reed denied

5   benefits; review was denied by the Appeals Council.  This appeal

6   followed.   Jurisdiction is appropriate pursuant to 42 U.S.C. §

7   405(g).

8                           **STANDARD OF REVIEW**

9        In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the

10  court set out the standard of review:

11       The decision of the Commissioner may be reversed only if
         it is not supported by substantial evidence or if it is
12       based on legal error. *Tackett v. Apfel*, 180 F.3d 1094,
         1097 (9th Cir. 1999). Substantial evidence is defined as
13       being more than a mere scintilla, but less than a
         preponderance. *Id*. at 1098. Put another way, substantial
14       evidence is such relevant evidence as a reasonable mind
         might accept as adequate to support a conclusion.
15       *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the
         evidence is susceptible to more than one rational
16       interpretation, the court may not substitute its judgment
         for that of the Commissioner. *Tackett*, 180 F.3d at 1097;
17       *Morgan v. Commissioner of Social Sec. Admin*. 169 F.3d 595,
         599 (9th Cir. 1999).

18
         The ALJ is responsible for determining credibility,
19       resolving conflicts in medical testimony, and resolving
         ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th
20       Cir. 1995).  The ALJ's determinations of law are reviewed
         *de novo*, although deference is owed to a reasonable
21       construction of the applicable statutes. *McNatt v. Apfel*,
         201 F.3d 1084, 1087 (9th Cir. 2000).

22

23                          **SEQUENTIAL PROCESS**

24       Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the

25  requirements necessary to establish disability:

26       Under the Social Security Act, individuals who are
         "under a disability" are eligible to receive benefits. 42
27       U.S.C. § 423(a)(1)(D). A "disability" is defined as "any

28
ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) - 2

medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . " 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id.* (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

**STATEMENT OF FACTS**

The facts of the case are set forth in detail in the transcript of proceedings, and are briefly summarized here. Plaintiff was 33 years old at the time of the administrative hearing. (Tr. 222, 285.) He had a tenth-grade education with some special education classes. (Tr. 289.) He was married and lived in a trailer with his spouse and three-year-old child. (Tr. 290, 312.) While his spouse worked, his mother-in-law came over to help him care for the child; his neighbor did the yard work. (Tr. 311-12.) Plaintiff had past work experience as a produce packer, construction worker, dishwasher, laborer, construction equipment operator, and cashier/stocker. (Tr.

50, 335-36.)  Plaintiff testified he could not work because of ongoing pain in his lower and middle back that shoots down his legs. (Tr. 290.)  He stated he could lift and carry about 20 pounds, and "was limited" in his ability to pick up his son, who weighed 35 pounds at the time of the hearing. (Tr. 311-12.)  He testified he could sit for about an half hour, walk less than one block and stand about 10 minutes at a time before he started hurting.  (Tr. 292-93.)

**ADMINISTRATIVE DECISION**

The ALJ found Plaintiff was insured for DIB through the date of the decision.  At step one, she found Plaintiff had not engaged in substantial gainful activity.  She determined Plaintiff had the severe impairments of "degenerative disk disease of the lumbar spine and borderline intellectual functioning."  (Tr. 17.)   At step three, she found these impairments did not meet or equal impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix I (the Listings). At step four, the ALJ determined Plaintiff had the residual functional capacity (RFC) for a reduced level of light work, "occasional lifting less than 20 pounds frequent lifting or carrying of 10 pounds, sitting for 6 hours, and standing/walking for 6 hours in an 8 hour workday, with normal breaks and only occasional stooping and crouching."  Plaintiff was found to be "limited to work that involves understanding, remembering and carrying out simple repetitive tasks, and no more than 3rd grade reading level and 8th grade math level."  (Tr. 18.)  Finding Plaintiff unable to perform his past relevant work, the ALJ proceeded to step five.  Vocational expert Dennis Elliot testified.  (Tr. 334-39.)  Based in part on vocational expert testimony, the ALJ concluded Plaintiff could

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) - 4

1  perform other work in the national economy such as small products
2  assembler, photographic finisher and seedling sorter. (Tr. 336-37.)
3  She found Plaintiff was not "disabled" as defined by the Social
4  Security Act through the date of the decision. (Tr. 19.)

5  **ISSUES**

6  The question presented is whether there was substantial
7  evidence to support the ALJ's decision denying benefits and, if so,
8  whether that decision was based on proper legal standards.
9  Plaintiff contends the ALJ erred when she (1) found his somatoform
10 pain disorder was not severe at step two; (2) improperly rejected
11 treating and examining physician opinions; (3) improperly discounted
12 Plaintiff's testimony and lay witness testimony; and (4) did not
13 meet the Commissioner's burden at step five. (Ct. Rec. 14 at 9.)

14 **DISCUSSION**

15 Plaintiff contends the medical evidence submitted regarding his
16 diagnosed pain disorder is sufficient to satisfy the "*de minimis*"
17 threshold at step two, the ALJ's error at step two tainted the
18 entire sequential evaluation and, thus, is grounds for reversal.

19 At step two of the sequential process, the ALJ must determine
20 whether a claimant suffers from a "severe" impairment, *i.e.,* one
21 which has more than a slight effect on the claimant's ability to
22 work. To satisfy step two's requirement of a severe impairment, the
23 claimant must prove the existence of a physical or mental impairment
24 by providing medical evidence consisting of signs, symptoms, and
25 laboratory findings; the claimant's own statement of symptoms alone
26 will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms
27 must be evaluated on the basis of a medically determinable
28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) - 5

impairment which can be shown to be the cause of the symptoms. 20 C.F.R. §§ 404.1529, 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of pain. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). However, an overly stringent application of the severity requirement violates the statute by denying benefits to claimants who do meet the statutory definition of disabled. *Corrao v. Shalala*, 20 F.3d 943, 949 (9th Cir. 1994). Thus, the Commissioner has passed regulations which guide dismissal of claims at step two. Those regulations state an impairment may be found to be "non-severe" *only* when evidence establishes a "slight abnormality" that has "no more than a *minimal effect* on an individual's ability to work." *Id.* (*citing Social Security Ruling (SSR)* 85-28). The ALJ must consider the combined effect of all of the claimant's impairments on the ability to function, without regard to whether each alone was sufficiently severe. *See* 42 U.S.C. § 423(d)(2)(B)(Supp. III 1991). The step two inquiry is a *de minimis* screening device to dispose of groundless or frivolous claims. *Bowen v. Yuckert*, 482 U.S. 137, 153-154 (1987).

The adjudicator's role at step two is further explained by *SSR* 85-28:

> A determination that an impairment(s) is not severe requires a careful evaluation of the medical findings which describe the impairment(s) and an informed judgment about its (their) limiting effects on the individual's physical and mental ability(ies) to perform basic work activities; thus, an assessment of function is inherent in the medical evaluation process itself. At the second step of sequential evaluation, then, medical evidence alone is evaluated in order to assess the effects of the impairment(s) on ability to do basic work activities.

. . .

> If . . . evidence shows that the person cannot perform his or her past relevant work because of the unique features of that work, a denial at the "not severe" step of the sequential evaluation process is inappropriate. The inability to perform past relevant work in such instances warrants further evaluation of the individual's ability to do other work considering age, education and work experience.

*SSR* 85-28. The regulations thus advise the adjudicator that "[g]reat care should be exercised in applying the not severe impairment concept." *Id.*

In determining whether a claimant has a severe impairment the ALJ must evaluate the medical evidence submitted and explain the weight given to the opinions of accepted medical sources in the record. The regulations distinguish among the opinions of three types of accepted medical sources: (1) sources who have treated the claimant; (2) sources who have examined the claimant; and (3) sources who have neither examined nor treated the claimant, but express their opinion based upon a review of the claimant's medical records. 20 C.F.R. § 416.927. A treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing or consulting physician's opinion. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The treating physician's opinion is given special weight because she is employed to cure and has a greater opportunity to observe the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983).

If a treating physician's opinions are not contradicted, they

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) - 7

can be rejected only with "clear and convincing" reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence. *Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995); *Fair*, 885 F.2d at 605. "As is the case with the opinion of a treating physician, the Commissioner must provide 'clear and convincing' reasons for rejecting the uncontradicted opinion of an examining physician." *Lester*, 81 F.3d at 830 (citation omitted). If the opinion is contradicted, it can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record. *Andrews*, 53 F.3d at 1043. A medical specialist's opinion generally is given more weight than that of a medical source who is not a specialist. 20 C.F.R. §§ 404.1527(d)(5), 416.927 (d)(5).

Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding the treating physician's opinion. *Flaten*, 44 F.3d at 1463-64; *Fair*, 885 F.2d at 604.

Here, Plaintiff submitted a diagnostic neuropsychological evaluation by examining psychologist, Jody Veltkamp, Psy.D., dated July 10, 2006. (Tr. 222-30.) Dr. Veltkamp's speciality is clinical neuropsychology. (Tr. 230.) The evaluation was requested by the Washington State Division of Vocational Rehabilitation for the purpose of determining "the possible presence of impairments in

higher cortical functioning of the brain." (Tr. 222.) The examination included a diagnostic interview, and objective testing in the areas of effort and motivation, intelligence, academic achievement, attention and concentration, visual-spatial functions, speech and language, executive functioning, memory, and personality (MMPI-2). The results of the MMPI-2 were found to be valid and revealed that Plaintiff, who reported pain in various parts of his body, had many problems dealing with stress, and this difficulty "may exhibit an increase in his symptoms in response to stress." (Tr. 228.) In his summary of findings, Dr. Veltkamp concluded "[p]sychiatrically, Mr. Englehart is reporting a variety of symptoms, including a great deal of chronic pain, as well as depression and anxiety. He feels that he is not as able to work now as before secondary to both his emotional and physical pain." (Tr. 230.) Dr. Veltkamp diagnosed an Axis I Pain Disorder Associated with Both Psychological Factors and a General Medical Condition. (Tr. 229.) This examining medical source opinion, from a specialist, is uncontradicted.

Consistent with Dr. Veltkamp's findings and diagnosis, the record is replete with reports of Plaintiff's problems with chronic back pain, including a May 2006, report from Plaintiff's treating physician that he did not believe Plaintiff would ever be "pain free." (Tr. 255.) There also are imaging reports, and clinic notes describing physical therapy, narcotic and non-narcotic medication as treatment for Plaintiff's pain. (*See, e.g.,* Tr. 144, 150-54, 235, 237, 240, 255.) Further, the ALJ found that Plaintiff's back condition "could reasonably be expected to produce the alleged

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) - 9

1   symptoms," *i.e.*, pain.  (Tr. 21.)

2       Although the parties discuss, and disagree upon, the exact pain

3   disorder diagnosis given by Dr. Veltkamp, the record in its entirety

4   shows that Plaintiff complained consistently of severe pain to his

5   treating and examining physicians.  His complaints are consistent

6   with the diagnosis of a pain disorder and, therefore, are not

7   "groundless under the de minimis standard of step two."  *Webb v.*

8   *Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).  Because the ALJ failed

9   to reject Dr. Veltkamp's diagnosis and did not include the pain

10  disorder in her step two findings, the step two findings are not

11  supported by substantial evidence.

12      In the sequential evaluation process that follows step two, the

13  ALJ must consider the combined effect of all of the claimant's

14  impairments on the ability to function, without regard to whether

15  each alone was sufficiently severe to be disabling.  *See* 42 U.S.C.

16  § 423(d)(2)(B) (Supp. III 1991).  Crediting Dr. Veltkamp's

17  uncontradicted diagnosis of pain disorder with psychological and

18  physical components, the effects of pain should have been included

19  in the RFC determination and hypothetical question to the vocational

20  evidence.  The ALJ's exclusion of all effects of pain from

21  Plaintiff's RFC is not supported by substantial evidence, is legal

22  error and is cause for reversal.

23      Because a step two determination that an impairment is severe

24  "only raises a prima facie case of a disability," Plaintiff may not

25  succeed in proving he is "disabled" as defined by the Social

26  Security Act at step two.  The full five step sequential evaluation

27  is necessary to ascertain whether there are jobs Plaintiff can

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) - 10

1  perform.  *Hoopai v. Astrue*, 499 F.23d 1071, 1076 (9th Cir. 2007)

2  (*citing Tackett*, 180 F.3d at 1100).  As stated by the *Hoopai* court,

> [T]he satisfaction of the step-two threshold requirement
> that a claimant prove her limitations are severe is not
> dispositive of the step five determination of whether the
> non-exertional limitations are sufficiently severe such as
> to invalidate the ALJ's exclusive use of the [Medical-
> Vocational Guidelines] without the assistance of a
> vocational expert.

7  *Id.* at 1078.

8  Conversely, a reasonable ALJ may find Plaintiff "disabled" upon

9  consideration throughout the sequential evaluation process of all

10 limitations caused by the diagnosed pain disorder in combination

11 with Plaintiff's other severe and non-severe impairments (as

12 required by 20 C.F.R. §§ 404.1523, 416.923).  *Stout v. Commissioner,*

13 *Social Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006).  Because

14 Plaintiff is prejudiced by the improper exclusion of the diagnosed

15 pain disorder in the ALJ's sequential evaluation, remand for further

16 proceedings is appropriate.  *Id.* at 1057.  On remand, further

17 evidence may be submitted, including additional consultive

18 psychological examinations and, if necessary, medical expert

19 testimony to assist in the evaluation of psychological testing,

20 diagnoses and severity.  Accordingly,

21  **IT IS ORDERED**:

22  1.  Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is

23 **GRANTED.**  The matter is remanded to the Commissioner for additional

24 proceedings pursuant to 42 § U.S.C. 405(g).

25  2.  Defendant's Motion for Summary Judgment dismissal **(Ct.**

26 **Rec. 19)** is **DENIED.**

27  3.  Application for attorney fees may be made by separate

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) - 11

1    motion.

2        The District Court Executive is directed to file this Order and

3    provide a copy to counsel for Plaintiff and Defendant.  The file

4    shall be **CLOSED** and judgment entered for **Plaintiff**.

5        DATED March 18, 2008.

6

7                    ___S/ CYNTHIA IMBROGNO___
                     UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) - 12